**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et. al.<br>*Plaintiffs,*<br><br>vs.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the U.S. Department of Justice, et. al.<br>*Defendants.* | **Civil Action No. 26-3626** |

**MOTION FOR TEMPORARY RESTRAINING ORDER**

COMES NOW Plaintiffs in the above-captioned case respectfully move the Court pursuant to Rule 65 of the Federal Rules of Civil Procedure and Rule 65-1 of Civil Local Rules for a temporary restraining order (TRO) enjoining Defendants actions in violation of the Voting Rights Act.

Plaintiffs request immediate and interim relief as soon as possible and no later than 5:00 p.m. ET on Monday, November 2, 2026, in light of the ongoing and imminent actions of the Defendants to threaten, intimidate, and coerce voters and election officials through its whole cloth change of the Civil Rights Division's election monitoring activities by including personnel from federal criminal enforcement agencies as poll monitors to be stationed at polling locations on Election Day, November 3, 2026. Plaintiffs further request that should the Court require a hearing on this motion for a TRO that such hearing shall be conducted telephonically given the expedited posture of the motion and time-sensitivity.

Specifically, Plaintiffs ask that the Court order that Defendants Attorney General Todd Blanche, Assistant Attorney General Harmeet Dhillon, and the U.S. Department of Justice (DOJ) and all of its officers, agents, servants, employees, and attorneys, and all persons acting by,

through, under, or in concert with these Defendants (collectively, hereinafter, “Defendants”) maintain the status quo of the Civil Rights Division’s election monitoring activities and are therefore enjoined as follows:

1. Defendants shall not permit or include any agents, officers, or personnel from any of Defendants’ federal law enforcement agencies to serve in its DOJ-led election monitoring program. In the alternative, Plaintiffs seek an injunction inn which Defendants shall not permit or include agents, officers, or personnel from any of Defendants’ federal law enforcement agencies to serve in DOJ-led election monitoring programs in DeKalb County, Georgia; Alamance County, North Carolina; Maricopa County, Arizona; Miami-Dade County, Florida; and Harris County, Texas.
2. This includes all agents, investigators, analysts, officers or any other employee or contractor from the following Department of Justice law enforcement agencies:
    a. Bureau of Alcohol Tobacco Firearms and Explosives;
    b. Bureau of Prisons;
    c. Drug Enforcement Administration;
    d. Federal Bureau of Investigation;
    e. U.S. Marshal Service; or
    f. Any other agency personnel authorized in any capacity to conduct a criminal investigation or effectuate an arrest.
3. Defendants shall not order any agent, investigator or other employee of a law enforcement agency to:
    a. Access any polling site;

b. Access any area within the applicable state electioneering or campaign-free zone around voting locations, drop boxes, election offices, or ballot counting/holding facilities from the effective date of this order though the end of the election period, which includes the counting of ballots, the processing of provisional ballots and the certification of the final results; and

4. Defendants shall not order any agent, investigator or other employee of a law enforcement agency to carry out any of the following actions at any polling site or within the applicable state electioneering or "campaign free" zone around voting locations from the effective date of this order through the period of completing voting activity:

   i. Possess any weapon, any camera or surveillance equipment;

   ii. Wear any badge, lanyard, collar pin, vest or other insignia of any law enforcement agency;

   iii. Use or threaten to use force, unless such force is objectively necessary and proportional to stop an immediate threat of physical harm;

   iv. Question individuals who are voting, attempting to vote, urging or aiding any person to vote or attempting to vote, or engaging in any other activity to effectuate an individual's right to vote;

   v. Film, photograph, or record biometric data of individuals or otherwise install cameras or other surveillance devices to film, photograph, or record biometric data of individuals who are voting, or attempting to vote, or aiding any person attempting to vote; or

   vi. Conduct vehicle checkpoint stops.

Plaintiffs further request that the Court order Defendants to take, in good faith, any other steps that are necessary to ensure the following:

a. Issuing and distributing guidance to all DOJ components, providing notice of the reinstatement of policy that prohibits inclusion of federal law enforcement personnel in connection with any election monitoring program; and

b. Issuing and distributing notice to relevant state, and local officials regarding the restrictions on inclusion of federal law enforcement personnel in connection with any election monitoring program.

Plaintiffs' motion for a TRO is made on the following grounds: (1) Plaintiffs are likely to prevail on their claims that Defendants have violated Section 11(b) of the Voting Rights Act by including federal law enforcement agents, officers and personnel in the deployment of monitors to polling locations across the country, and therein threatening, intimidating, and coercing voters and election officials and poll workers with criminal prosecution and undue legal jeopardy; (2) Plaintiffs will suffer irreparable injury unless the relief requested is granted; and (3) The balance of equities and public interest favor immediate injunctive relief.

This motion is supported by the accompanying Plaintiffs' Memorandum in Support of Motion for TRO; the accompanying declarations; and the entire record in this case. Plaintiffs have provided notice of this Motion as set forth in the accompanying Declaration of Plaintiffs' counsel Max L. Meyers in support of Plaintiffs' Motion for TRO in accordance with Local Rule LCvR 65.1(a) and LCvR 65.1(b).

DATED: November 1, 2026

Respectfully submitted,

*<u>/s/ Max L. Meyers</u>*
Kristen Clarke*
Max L. Meyers*

*<u>/s/ John Powers</u>*
John Powers
Hani Mirza*

Anthony Ashton
NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
4805 Mt. Hope Drive
Baltimore, MD 20215
Phone: 480-580-5777
kclarke@naacpnet.org
mmeyers@naacpnet.org
aashton@naacpnet.org

Peter Ketcham-Colwill*
ADVANCEMENT PROJECT
1220 L Street NW, Suite 850
Washington, DC 20005
Phone: 202-728-9557
jpowers@advancementproject.org
hmirza@advancementproject.org
pketchamcolwill@advancementproject.org

**Admitted Pro Hac Vice*

Kathryn Sadavasian**
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.

40 Rector Street, 5th Floor
New York, NY 10006
(212) 965-2200
ksadavasian@naacpldf.org

Donya Khadem**
Chloe Miller**
NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.
700 14th St. N.W.
Ste. 600
Washington, DC 20005
Dkhadem@naacpldf.org
Cmiller@naacpldf.org

**Admitted Pro Hac Vice*
** *Pro Hac Vice* motion forthcoming