**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, et. al.<br>*Plaintiffs,*<br><br>vs.<br><br>TODD BLANCHE, in his official capacity as Attorney General of the U.S. Department of Justice, et. al.<br>*Defendants.* | **Civil Action No. 26-3626** |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiffs moved for a Temporary Restraining Order enjoining Defendants from conduct that violates Section 11(b) of the Voting Rights Act. Having considered the Plaintiffs' pleadings, memoranda and the record, and considering the extreme exigency presented in this case, the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits; that, absent an injunction, they face immediate, irreparable injury from Defendants' actions; and that the balance of the equities and the public interest favor immediate preliminary injunctive relief in the form of issuance of a Temporary Restraining Order.

Therefore, the Court hereby **GRANTS** Plaintiffs' motion and orders the following:

1. It is **HEREBY ORDERED** that Plaintiffs' motion for a Temporary Restraining Order is **GRANTED**;
2. Defendants are **ENJOINED** from permitting or including any agents, officers, or personnel from any of Defendants' federal law enforcement agencies to serve in its DOJ-led election monitoring program;

3. This includes all agency personnel, officers, agents, investigators, analysts or any other employee or contractor from the following Department of Justice agencies:
    a. U.S. Marshal Service;
    b. Bureau of Alcohol Tobacco Firearms and Explosives;
    c. Bureau of Prisons;
    d. Federal Bureau of Investigation;
    e. Drug Enforcement Administration;
    f. Any other agency with personnel authorized in any capacity to effectuate an arrest; and
    g. Any other agency outside of the Department of Justice with personnel on detail assignment or in any other way under the direction, control, or authority of the Department of Justice.
4. Defendants are further instructed on such injunction that the Department of Justice may not place any personnel or other employee of a criminal enforcement agency:
    a. Within any applicable state buffer or electioneering zone around voting locations, drop boxes, election offices, or ballot counting/holding facilities from the effective date of this order though the period of completing voting activity, which includes any action required by law prerequisite to voting, casting a ballot, and having such ballot counted properly and included in the appropriate totals of votes cast with respect to candidates for public or party office and propositions for which votes are received in an election; and
    b. Engaging in any of the following conduct within any applicable state buffer or electioneering zone around voting locations if that distance is greater, or any

point of ingress to or egress from any open polling location, drop box, election office, or ballot counting/holding facility from the effective date of this order through the period of completing voting activity:

i. Possess any weapon, any camera or surveillance equipment;

ii. Wear any badge, lanyard, collar pin, vest or other insignia of any law enforcement agency

iii. Use or threaten to use force, unless such force is objectively necessary and proportional to stop an immediate threat of physical harm;

iv. Question individuals who are voting, attempting to vote, urging or aiding any person to vote or attempting to vote, or engaging in any other activity to effectuate an individual's right to vote;

v. Film, photograph, or record biometric data of individuals or otherwise installing cameras or other surveillance devices to film, photograph, or record biometric data of individuals who are voting, or attempting to vote, urging or aiding any person to vote or attempt to vote;

vi. Conduct vehicle checkpoint stops; or

vii. Conduct any other investigatory stops absent particularized suspicion of a federal crime committed within the officer's presence and jurisdiction; and

5. Defendants, their unarmed and armed officers, agents, servants, employees, and all persons acting in concert or participation with them are **DIRECTED** to take, in good faith, any other steps that are necessary to ensure compliance with this Order, including:

a. Issuing and distributing guidance to all DOJ components, providing notice of the reinstatement of policy that prohibits inclusion of federal law enforcement personnel in connection with the 2026 election monitoring program;

b. Issuing and distributing notice to relevant state, and local officials regarding the restrictions on inclusion of federal law enforcement personnel in connection with the 2026 election monitoring programs.

6. Furthermore, Defendants, their officers, agents, servants, employees, and all persons acting in concert or participation with them are **ORDERED** to file a public status report on this Court's docket within 14 days if any of the following occur:

a. Any of the above-mentioned prohibited federal law enforcement personnel brandish a weapon within any of the enjoined areas; or

b. Conducted an arrest within an enjoined area, whether under the circumstances described above or subject to a judicial warrant.

SO ORDERED.

Dated: ____________________, 2026

______________________________
UNITED STATES DISTRICT JUDGE