UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General, U.S. Department of Justice, *et al.*,<br><br>*Defendants*. | Civil Action No. 26-3626 (RBW) |

**STATUS REPORT**

1. Defendants submit this status report in compliance with the Court's order based on information provided by the Department of Justice Civil Rights Division (CRT). Dkt. 22.

2. Though there is no prohibition on the use of sworn law enforcement officers as civil rights election monitors, CRT undertook reasonable efforts to avoid using sworn officers.

3. As explained in the Neff Declarations, these efforts included excluding the use of Federal Bureau of Investigations personnel, Department of Homeland Security personnel, and consulting the Bureau of Alcohol, Tobacco, and Firearms, the U.S. Marshal Service, and the Drug Enforcement Administration to ensure no sworn agents from those agencies participated in the monitoring program. *See* Neff. Decl., Dkt 18-1, ¶ 9; Second Neff Decl., Dkt, 19-1, ¶¶ 6-8.

4. The consultations involved multiple weeks of correspondence between the CRT director of operations, the CRT Voting Section, and the relevant DOJ components.

5. Through this consultative process, DEA prohibited sworn officers from serving as election monitors.

6. CRT exercised its discretion to subsequently consult with ATF and the U.S. Marshal Service to ensure no employee from those agencies who were signed up to monitor were sworn law enforcement agents. This consultation consisted of a review of specific employee positions with the relevant agency leadership to determine if the employee is a sworn law enforcement officer. This process resulted in the removal of several sworn law enforcement officers from the volunteer monitoring pool.

7. CRT also consulted with BOP to determine if any law enforcement officers signed up to monitor. Through these consultations, CRT learned that employees of the Bureau of Prisons, including but not limited to corrections officers, have legal authority to make limited arrests for specific offenses, primarily when committed on BOP property or involving escaped inmates. *See* 18 U.S.C. § 3050; *see also* 28 C.F.R. § 511.18 ("When Bureau staff can arrest and detain a non-inmate"). It is inconceivable that anything could happen at a polling place where a BOP employee serving in a monitoring capacity would be authorized to make an arrest under § 3050. Accordingly, CRT has concluded that utilizing BOP employees as monitors will not create a risk of an arrest at a polling location.

8. Throughout the day yesterday, CRT continued to review its list of monitors to determine, in consulting with the relevant DOJ components, if any monitors are sworn law enforcement agents. No additional sworn law enforcement officers were identified.

Dated: November 3, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

JOSEPH E. BORSON
Assistant Branch Director

*s/ Andrew I. Warden*
ANDREW I. WARDEN (IN 23840-49)
Assistant Branch Director
KATHRYN BARRAGAN
ABIGAIL NUSBAUM
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel: (202) 616-5084
Email: Andrew.Warden@usdoj.gov

*Counsel for Defendants*